CLIFTON WILLIAMS V. THE STATE.

No. 9692.   Delivered November 17, 1926.

**1.—Rape—Evidence—Properly Admitted.**

Where, on a trial for rape, perpetrated on a female under the age of consent, there was no error in permitting the prosecutrix to testify that she had, subsequently to the act, given birth to a child, which was due to the act of intercourse.

**2.—Same—Evidence—Properly Admitted.**

Where, on a trial for rape, there was no error in permitting prosecutrix to testify that her mother was dead, and especially so in view of the fact that the father of the girl had already testified, without objection, to the death of his wife.

**3.—Same—Evidence—Erroneously Admitted.**

Where, on a trial for rape on a female under the age of. consent, it was error to permit the state to prove acts of intercourse by appellant with prosecutrix subsequent to the act which forms the basis of this prosecution. Such testimony served no useful purpose in solving any disputed issue in the case, and was hurtful to the appellant, as is reflected in the punishment assessed.

**4.—Same—Evidence—Properly Admitted.**

Where, on a trial for rape upon a female under the age of consent, there was no error in admitting testimony of attempts on the part of appellant to induce prosecutrix to submit to him, prior to the time of accomplishment. Such proof would seem to support the theory of actual later intercourse. Following Clardy v. State, 66 Tex. Crim. Rep. 351.

**5.— Same — Evidence — Cross-Examination of Prosecutrix — Improperly Restricted.**

Where, on a trial for rape on a female under the age of consent, the indictment also embracing rape by force, the prosecutrix having testified to force, it was error to refuse to permit appellant to cross-examine her upon this matter. Proof of force·adds an aggravating element to this

offense which would tend to increase the punishment, and the valuable right of cross-examination in this regard should not have been denied. Following Lusty v. State, 97 Tex. Crim. Rep. 170.

### 6.—Same—Evidence—Lewdness of Female—Improperly Rejected.

Where, on a trial for rape upon a female under the age of consent, appellant defended upon the theory that prosecutrix was more than 15 years of age at the time of the act of intercourse, and offered proof that she was of unchaste character and to show lewdness on the part of prosecutrix with others than himself, after the date of the alleged rape, this testimony should have been admitted.

### 7.—Same—Continued.

Beyond question, proof of prior acts of intercourse with others would establish the contention of unchastity, and it seems that subsequent acts, when reasonably near the date of the alleged offense, would have the same effect. In the Davis case, 36 Tex. Crim. Rep. 348, evidence of acts of intercourse with others than the accused, accruing subsequent to an alleged seduction, were held admissible, as shedding light on the character for chastity of the injured female at the time of the occurrence. There is no reason for applying a different rule in a rape case than that applied in a seduction case. See Rodes v. State, 38 Tex. Crim. Rep. 328; Creighton v. State, 41 Tex. Crim. Rep. 101, and Polk v. State, 238 S. W. 354.

Appeal from the District Court of Hunt County. Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for rape, penalty fifteen years in the penitentiary.

The opinion states the case.

*Thompson & McWhirter* and *Vinson, Elkins, Sweeton & Weems,* for appellant.

On proof of subsequent acts, appellant cites:

McKnight v. State, 265 S. W. 892.

Clonenger v. State, 91 Tex. Crim. Rep. 143.

Pinkerton v. State, 92 Tex. Crim. Rep. 449.

Norma v. State, 91 Tex. Crim. Rep. 486.

Crosslin v. State, 90 Tex. Crim. Rep. 467.

Bradshaw v. State, 82 Tex. Crim. Rep. 351.

Rosamond v. State, 94 Tex. Crim. Rep. 8.

Rosamond v. State, 263 S. W. 1067.

On subsequent acts of lewdness by prosecutrix, appellant cites:

Norma v. State, 230 S. W. 991.

Polk v. State, 238 S. W. 934.

Fundenburg v. State, 5 S. W. 234.

Coons v. State, 91 S. W. 1085.

Creighton v. State, 51 S. W. 910.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Hunt County of rape, punishment fifteen years in the penitentiary.

The facts in this case, from the state's standpoint, showed that appellant kept company with prosecutrix, a girl sixteen years of age, for quite a while, and that after several ineffectual attempts to have carnal knowledge of her, he succeeded in accomplishing his purpose. There followed a continuation of such conduct, resulting finally in the birth of a child. Appellant was prosecuted and convicted, with the above result.

There appears nothing in appellant's complaint directed at the admission of testimony to the effect that prosecutrix had given birth to a child. Such fact furnished indisputable proof that she had been with some man. Further complaint of the reception of her testimony that her mother was dead, is of no avail to appellant, in view of the fact that the father of the girl had already testified, without objection, to the death of his wife.

Several bills present exceptions to testimony of prosecutrix as to separate, disconnected acts of intercourse with appellant subsequent to the one which forms the basis of this prosecution. As far as we can see, such testimony served no useful purpose in solving any disputed issue in this case, and that it was of probable hurt to the accused may be reflected in the fifteen year penalty given him, this being a case of rape by consent, and so submitted in the charge of the court. Rosamond v. State, 249 S. W. 468; Id. 263 S. W. 298. We think the testimony of the subsequent acts wrongfully received.

We are not in accord with appellant's objection to testimony of attempts on his part to induce prosecutrix to submit to him prior to the time of accomplishment. Such proof would seem to support the theory of actual later intercourse. Clardy v. State, 66 Tex. Crim. Rep. 351.

The allegations of the indictment would support a conviction for rape by force as well as one with consent. The testimony of the prosecutrix tends strongly to show rape by force. Appellant sought to cross-examine her upon those facts sworn to as showing rape by force, but, upon objection by the state, was not allowed to do this. The court's qualifications to the bills presenting these exceptions make it appear that, in the opinion of the learned trial judge, it was material and relevant for the state to show force, but immaterial and irrelevant for the accused to combat such proof. Certainly proof of force adds an aggravating element to this offense which would tend to increase the punishment, Lusty v. State, 97 Tex. Crim. Rep. 170, and the valuable right of cross-examination in this regard should not

have been refused. Same might have served to remove the question of force from the jury's consideration.

The main contention of the accused was that prosecutrix, as stated, a girl of sixteen years of age at the time of the alleged rape, consented to said act, and further that she was of unchaste character at said time. The court below told the jury in the charge that if, in fact, they believed she was not a chaste female at the time of such act, or they had a reasonable doubt on this proposition, to acquit. Appellant offered testimony to show lewdness on the part of prosecutrix with others than himself after the date of the alleged rape, but same was rejected. The issue joined being whether the girl was chaste, and the burden of supporting this being upon appellant, he was entitled to all legitimate testimony shedding light on the issue. Beyond question, proof of prior acts of intercourse with others would establish the contention of unchastity. It seems that subsequent acts, when reasonably near the date of the alleged offense, would have the same effect. A woman in love with a man and expecting to marry him, as prosecutrix testified was the case here, might for such reasons be inclined not to resist his advances and efforts, and it would not be entirely unreasonable to thus explain her conduct consistent with chastity up to the time of such act, but if she is found at once or soon thereafter engaged promiscuously with other men, the fortification of prior chastity would be thus attacked and might be entirely overthrown. In Davis v. State, 36 Tex. Crim. Rep. 348, evidence of acts of intercourse with others than the accused, occurring subsequent to an alleged seduction, were held admissible as shedding light upon the character for chastity of the injured female at the time of the occurrence. This case is approved in Rodes v. State, 38 Tex. Crim. Rep. 328, and the principle adhered to in Creighton v. State, 41 Tex. Crim. Rep. 101, and is expressly upheld in Polk v. State, 238 S. W. 934, 91 Tex. Crim. Rep. 354. The bad reputation of prosecutrix for chastity acquired after the alleged seduction was held by us in the case last above mentioned not to require a reversal, but we said in that opinion: "The same objection would not be tenable when specific acts of unchastity, subsequent to the alleged seduction, were sought to be shown."

Our legislature in 1918, having specfically declared that in consent cases of rape when the female is over fifteen years of age and under eighteen, proof of previous unchaste character would be a defense, this brought into such cases a defensive issue not theretofore involved, i. e., the unchastity of the female. Same

has always been an issue in seduction cases. Under the present law of rape and in a case on facts such as those before us, we see no reason for applying one rule of evidence on the issue of the chastity of the injured female, and on exactly the same issue apply a different rule in seduction cases. The issue of the chastity of the injured female at the time of the occurrence, if attacked by a certain character of proof in the one case, certainly could be attacked by the same character of proof in the other. The court erred in rejecting this testimony.

Complaints of argument made by the district attorney and of the refusal of a new trial will not be discussed, in view of our conclusions in this case.

For the errors mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*