NOEL MAGEE v. THE STATE.

No. 14180. Delivered May 27, 1931.

560

The opinion states the case.

*J. Mitch Johnson* and *Carlos C. Ashley,* both of San Saba, and *J. Edward Johnson,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Offense, statutory rape; punishment, five years in the penitentiary.

The evidence shows that the prosecutrix was sixteen years of age at the time of the alleged offense. She placed the date of the act of intercourse on May 4, 1929. The evidence shows that she gave birth to a child on the 27th day of February, following. She testified that on the day the act of intercourse took place, she came to the town of San Saba in company with the appellant, whom she had known for a period of about three years; that they were accompanied by a sister of the appellant and a sister of hers; that the two other girls got out of the car at San Saba and she and appellant drove out on the highway; that appellant stopped the car on the side of the highway and that while in the front seat of the car, the appellant engaged her in an act of intercourse over her protests and against her will; that appellant first began his importunities by begging her to have intercourse with him and by hugging and kissing her. She denied ever having consented to the act. She testified that this was her first act of intercourse and that it was accompanied with considerable pain. She also testified that several cars passed by while they were by the side of the road, but that she made no outcry nor did anything to attract the attention of the occupants of the cars. She testified also that appellant had torn her bloomers off of her; that she did not communicate the fact of his conduct to either of the other girls, whom they met when they returned to town and all of whom returned home in the same car; that she did not communicate the fact to anybody until about the 7th day of December, following, when her pregnancy became known by her mother and she then for the first time told her the fact and said that the appellant was the cause of her condition.

There was testimony to show that the child was a fully developed nine months old child given by the attending physician.

The appellant denied the act entirely and denied that he had ever

had intercourse with the prosecutrix, but admitted that he had taken her driving on the occasion as stated. He contended that the time when he and the prosecutrix and his sister and the sister of the prosecutrix came in town together was on the 29th day of June, 1929. Corroborative evidence of the fact that the trip to town was made on the 29th day of June, 1929, was given by several witnesses.

The indictment charged straight statutory rape. It did not charge rape by force.

Several bills of exception relating to the matter of permitting the introduction of subsequent acts of intercourse with other persons than the appellant are presented. The appellant offered to prove that in July, 1929, which was a short time after the date fixed, the prosecutrix was recognized on the road in company with another man near Corpus Christi; that some parties picked them up and that she introduced the man with her as her husband and stated that they were on their way to Mexico; that these parties furnished them a ride into Corpus Christi, and that she and the man associated there together as husband and wife. In connection therewith, the appellant offered to prove that in October, 1929, one Joe Drew had an act of intercourse with the prosecutrix at her solicitation. All of this testimony the appellant offered for the purpose of showing the acts and conduct, as well as acts of intercourse, on the part of the prosecutrix subsequent to the date fixed as the date of the act of intercourse between her and appellant.

The trial court charged the jury in substance that if in fact they believed the prosecutrix was not a chaste female at the time of said act, if they should find that there was an act of carnal intercourse, as alleged in the indictment, or that if they had a reasonable doubt on this issue, they would return a verdict of not guilty.

The testimony sought to be elicited by the appellant as to subsequent acts of unchastity on the part of the prosecutrix was excluded upon the objection of the state's attorney that the same was inadmissible because they were·acts subsequent to the time alleged in the indictment.

The exact question here presented was presented to this court in the case of Williams v. State, 105 Texas Crim. Rep., 381, 288 S. W., 205. This court in that case, speaking through Judge Lattimore, held: "The issue joined being whether the girl was chaste, and the burden of supporting this being upon appellant, he was entitled to all legitimate testimony shedding light on the issue. Beyond question proof of prior acts of intercourse with others would establish the contention of unchastity. It seems that subsequent acts, when reasonably near the date of the alleged offense, would have the same effct."

Continuing, Judge Lattimore used the following language: "Our Legislature in 1918 having specifically declared that in consent cases of rape when the female is over 15 years of age and under 18 proof of pre-

vious unchaste character would be a defense, this brought into such cases a defensive issue not theretofore involved—i. e., the unchastity of the female. Same has always been an issue in seduction cases. Under the present law of rape and in a case of facts such as those before us, we see no reason for applying one rule of evidence on the issue of the chastity of the injured female, and on exactly the same issue apply a different rule in seduction cases. The issue of the chastity of the injured female at the time of the occurrence, if attacked by a certain character of proof in the one case, certainly could be attacked by the same character of proof in the other. The court erred in rejecting this testimony."

Under the above authority, the refusal of the trial court to admit the evidence sought to be introduced deprived the appellant of evidence he was entitled to offer on a material issue and was error prejudicial to his rights under the law.

The issue of the sufficiency of the evidence is also raised. However, in view of the reversal of this case upon another ground and the further fact that the evidence upon another trial may not be the same as upon the instant trial, we pretermit discussion of same.

Several bills of exception complain of the argument of the district attorney and in view of the evidence as a whole, we cannot say that said arguments were entirely justified, but we deem it unnecessary to discuss them in view of our conclusion in this case.

For the error mentioned, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.