Ronald E. ORMAND, Appellant,

v.

STATE of Texas, Appellee.

No. 13–84–398–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 30, 1985.

Walter E. Chastain, Corpus Christi, for appellant.

Thomas L. Bridges, Dist. Atty., Sinton, for appellee.

Before NYE, C.J., and DORSEY and BE-NAVIDES, JJ.

OPINION

DORSEY, Justice.

Appellant was convicted of sexual assault of a child and received as punishment a $5,000 fine and ten years confinement, with the confinement being probated.

The prosecution was based on TEX.PE-NAL CODE ANN. § 22.011 (Vernon Supp. 1985)[1]. The undisputed evidence is that the appellant, a 26-year old high school coach, had sexual intercourse with M.H., a 15-year old female student. Appellant admitted having sexual intercourse with M.H. as alleged in the indictment, but asserted as his defense, in accordance with TEX.PE-NAL CODE ANN. 22.011(d)(1),[2] that M.H. engaged promiscuously in sexual intercourse prior to the alleged offense.

Appellant alleges two grounds of error: (1) that he made his statutory defense of prior promiscuity as a matter of law and (2) that the trial court erred in not allowing

---

1. § 22.011.  Sexual Assault

   (a) A person commits an offense if the person:

      \*     \*     \*     \*     \*     \*

   (2) intentionally or knowingly:

   (A) causes the penetration of the anus or vagina of a child by any means;

      \*     \*     \*     \*     \*     \*

2. (d) It is a defense to prosecution under Subsection (a)(2) of this section that:

   (1) the child was at the time of the offense 14 years of age or older and had prior to the time of the offense engaged promiscuously in conduct described in that subsection;  or

      \*     \*     \*     \*     \*     \*

appellant to introduce evidence of the victim's sexual activity after the charged offense.

The trial was to the court, without a jury, upon stipulated evidence. After the introduction of the stipulated evidence, the State rested and the defense introduced testimony as to its defense of promiscuity of the child prior to the charged sexual assault. In the stipulated evidence and the testimony of M.H., when called by the defense, she admitted to voluntarily having sexual intercourse with four men, all 17 or 18 years old, on several occasions prior to the alleged offense. She testified that during one day, while she was at the beach, she had intercourse with two men, O.P. and S.J, with neither of whom did she have a dating relationship. Several of her sexual partners were called by the defense. The only material evidentiary disputes between M.H.'s testimony and that elicited from her sexual partners was the number of acts of intercourse with one partner (S.A.—two or four) and her denial of sexual intercourse with another, C.S., at the beach, which, if C.S. were believed, would raise the count of M.H.'s sexual partners while at the beach from two to three. She had a dating relationship with only one of her sexual partners, S.A., that lasted for about two months. All of these sexual liaisons occurred prior to the alleged offense, were consensual, and were testified to by M.H. and her sexual partners without explanation.

Section 22.011(d)(1) provides that it is a defense to sexual assault on a child delineated in 22.011(a)(2) if, "The child at the time of the offense was 14 years of age or older and had prior to the time of the offense engaged promiscuously in conduct described in that subsection." [Subsection (c)(2)]. Section 2.03 of the Penal Code commands that, if a defense is raised by the evidence, it is to be submitted to the jury with the instruction, "that a reasonable doubt on the issue requires that the

defendant be acquitted." In the instant case, the judge was the trier of fact, with the duty to acquit the defendant if a reasonable doubt existed as to the promiscuity of the child prior to the alleged offense.

"Promiscuously" has been defined in *Webster's Third New International Dictionary* as "in a promiscuous manner." "Promiscuous" is defined as "not restricted to one sexual partner." *See Scott v. State,* 668 S.W.2d 901 (Tex.App.—Fort Worth 1984, pet. ref'd). "The word 'promiscuity' does not signify an isolated incident of sexual relations with one particular person, but denotes an indiscriminate grant of physical favors to persons of the opposite sex without any requirement of love." 73 C.J.S. *Promiscuity* (1983). Two Courts of Appeals have quoted the Practice Commentary accompanying TEX.PENAL CODE ANN. § 21.09 (Vernon 1974) stating that promiscuity connotes a variety of consensual sexual conduct with a variety of sexual partners.[3]

■ In the instant case, the evidence of M.H.'s sexual activities raised the issue of her promiscuity. As the evidence of M.H.'s sexual activity was neither explained, controverted, disputed nor rebutted in any way, we hold that M.H.'s conduct was promiscuous as a matter of law. Appellant's first ground of error is sustained.

Appellant's second ground of error argues that the trial court erred in prohibiting him from introducing evidence of M.H.'s sexual activities subsequent to the offense. Appellant relies on *Williams v. State,* 288 S.W. 205 (Tex.Crim.App.1926), and *Magee v. State,* 118 Tex.Cr.R. 559, 39 S.W.2d 53 (Tex.Crim.App.1931), in support of his contention. *Williams* and *Magee* permitted testimony about subsequent sexual acts of the victim in statutory rape cases under the statute then in effect that provided that it was a defense if the victim was between 14 and 18 years old and was

---

3. *Scott v. State,* 668 S.W.2d 901 (Tex.App.—Fort Worth 1984, pet. ref'd.); *Boutwell v. State,* 653 S.W.2d 100 (Tex.App.—Austin 1983), *reversed,* 683 S.W.2d 823 (Tex.Crim.App., 1985). The

Court of Criminal Appeals disagreed with the Austin Court of Appeals' holding in *Boutwell* that sexual acts with several partners over a 24-hour period was not promiscuous.

unchaste at the time of the act. TEX.PE-NAL CODE ANN. art. 1183 (Vernon 1948). The test is now whether the victim has engaged promiscuously in sexual acts described in § 22.011(a)(2) prior to the crime; a different question than the chastity of the victim. *Williams* allowed evidence of subsequent sexual activity on a theory of impeachment of the complainant when she claimed she had been seduced by the defendant by a promise of marriage.

Section 22.011(d) contains no authorization for admission of evidence of subsequent promiscuity of the child. However, § 22.065(a) provides that, in order for subsequent acts to be admissible, the court must find: (1) that the evidence is material to a fact issue in the case, and (2) that its inflammatory or prejudicial nature does not outweigh its probative value. TEX.PE-NAL CODE ANN. § 22.065(a) (Vernon Supp.1985). The proffered testimony was not material to any fact issue, therefore, the trial court in the instant case properly found that the evidence of M.H.'s subsequent sexual activity was inadmissible. Appellant's second ground of error is overruled.

The judgment of the trial court is REVERSED and AN ACQUITTAL ORDERED.