Armando RAMOS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 13–90–153–CR to 13–90–156–CR.

Court of Appeals of Texas,
Corpus Christi.

Nov. 21, 1991.

Rehearing Overruled Dec. 19, 1991.

David Garcia, Desiderio Trevino, Jr., Edinburg, for appellant.

Luis V. Saenz, Brownsville, for appellee.

Before NYE, C.J., and SEERDEN, J., and GERALD T. BISSETT, Assigned Justice.[1]

## OPINION

GERALD T. BISSETT, Assigned Justice.

A jury found appellant guilty of two counts of sexual assault and two counts of aggravated sexual assault and assessed punishment at 20 years for each sexual assault and 50 years for each aggravated sexual assault.[2] The trial court entered judgments on the verdicts. Appellant, the victim's stepfather, raises seven points of error. We affirm the trial court's judgments.

By point two, appellant asserts error in the denial of his right to present a statutory defense of promiscuity. Appellant argues that he should have been able to show that the victim was pregnant and infected with venereal disease. The trial court ruled that any evidence of the victim's sexual activity would be excluded. The victim admitted, outside the presence of the jury, that she had intercourse only once, with "Freddy," in July, 1988, that she bore a son in April, 1989, and that she was diagnosed with gonorrhea at the same time that she learned she was pregnant.

It is a defense to sexual assault if the child was, at the time of the offense, fourteen years or older and had engaged promiscuously in sexual activity before the time of the offense. *Scoggan v. State,* 736 S.W.2d 239, 241 (Tex.App.—Corpus Christi 1987), *rev'd on other grounds,* 799 S.W.2d 679 (Tex.Crim.App.1991); Tex. Penal Code Ann. § 22.011(d)(1) (Vernon Supp.1991). "Promiscuity" is not a defense to aggravated sexual assault. *See* Tex. Penal Code Ann. § 22.021(a)(2) and (d) (Vernon 1989).

---

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1989).

2. Aggravated sexual assault includes intentionally or knowingly causing the penetration of the female sexual organ of a child when the victim is less than fourteen years old. Tex. Penal Code Ann. § 22.021(a)(1)(B)(i) and (a)(2)(B) (Vernon

1989). Such conduct is sexual assault when the child is under seventeen years old. Tex. Penal Code Ann. § 22.011(a)(2) and (c)(1) (Vernon 1989). The victim in this case was born on September 11, 1973. The aggravated sexual assaults occurred on May 23, 1985, and on April 18, 1987, and the other sexual assaults occurred on October 31, 1987, and on November 21, 1987.

■ "Promiscuity" does not refer to an isolated incident of sexual relations with one particular person, but denotes an indiscriminate grant of physical favors to persons of the opposite sex without any requirement of love. *Scoggan*, 736 S.W.2d at 241; *Ormand v. State*, 697 S.W.2d 772, 773 (Tex.App.—Corpus Christi 1985, no pet.); *Wicker v. State*, 696 S.W.2d 680, 683 (Tex. App.—Dallas 1985) *aff'd*, 740 S.W.2d 779 (1987), *cert. denied*, 485 U.S. 938, 108 S.Ct. 1117, 99 L.Ed.2d 278 (1988). The evidence must show promiscuity *before*, rather than *after*, the offense. *Chreene v. State*, 691 S.W.2d 748, 750 (Tex.App.—Texarkana 1985, pet. ref'd); Tex. Penal Code Ann. § 22.011(d)(1) (Vernon 1989).

■ The testimony appellant complains was excluded dealt with the victim's alleged conduct in 1988, *after* the offenses. Thus, it would not support a defense of promiscuity. We overrule point two.

By points three and four, appellant contends that the exclusion of testimony of the conduct of the victim and her mother was reversible error. By point five, appellant maintains that the trial court reversibly erred when it failed to allow the defense to impeach the State's witnesses (the victim and her mother) with evidence of their misconduct.

Appellant testified by bill of exception that in early 1988, the victim had "a couple" of boyfriends, and in the middle of 1988, she started going around with "Freddy," who came through the window to spend the night. Appellant further stated that after October 1988, Efrain Flores, who was 21, was staying with the victim in her room. Appellant alleged that the victim's mother, his ex-wife, had an affair with 14–year–old Sergio Flores, abandoning her children and taking him to Mexico. He believed kidnapping charges were filed against her, but dropped after she returned the boy. Later, the victim's mother allegedly lived with the boy again at a cousin's home. He said at one point he told the victim she was going to turn into a whore like her mother. Appellant contends that had the jury heard the whole story, it would have aided his credibility in relation to that of the victim's and her mother's.[3]

Specific instances of conduct, other than conviction of a crime as provided by Tex. R.Crim.Evid. 609, may not be inquired into to attack or support a witness' credibility. Tex.R.Crim.Evid. 608(b). *See Casterline v. State*, 736 S.W.2d 207, 212 (Tex.App.—Corpus Christi 1987, pet. ref'd). Under Rule 609, a conviction for a crime of moral turpitude may be admitted if the trial court determines that it is more probative than prejudicial.

■ Moreover, a trial court's refusal to admit evidence is reversible only if the evidence is relevant and its exclusion harmed the accused. *Mowbray v. State*, 788 S.W.2d 658, 667 (Tex.App.—Corpus Christi 1990, pet. ref'd), *cert. denied*, —— U.S. ——, 111 S.Ct. 999, 112 L.Ed.2d 1082 (1991). In determining whether the refusal to admit evidence is reversible, we consider the facts and circumstances of each case. *Canto–Deport v. State*, 751 S.W.2d 698, 700 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd); *Mowbray*, 788 S.W.2d at 667.

■ Trial courts retain great latitude in imposing reasonable limitations on cross-examination based on concerns about such factors as harassment, prejudice, confusion of issues, and safety of witnesses. *Virts v. State*, 739 S.W.2d 25, 28 (Tex.Crim.App. 1987). The determination of the admissibility of evidence is within the trial court's discretion, and will not be disturbed absent a clear abuse of discretion. *Werner v. State*, 711 S.W.2d 639, 645 (Tex.Crim.App. 1986); *Jackson v. State*, 575 S.W.2d 567, 570 (Tex.Crim.App.1979). Although the accused should be allowed to show a witness' character for truthfulness, the trial court has considerable discretion about how any impeachment will be conducted and what collateral evidence is material for what pur-

---

3. On a separate bill, appellant questioned the mother, who admitted knowing Sergio Flores and that he stayed with her without his parents' knowledge, but denied responsibility for his trip to Mexico and said she knew of only one indictment against her (for harboring a runaway), brought after Sergio had gone home.

pose. *Villarreal v. State*, 750 S.W.2d 314, 319 (Tex.App.—Dallas 1988, pet. ref'd).

The record does not show that the victim or her mother were convicted of any crime. Thus, the rules do not permit the introduction of the proposed testimony to impeach or attack the mother's credibility.

■ Appellant cites cases that he has a right to present evidence to show that a witness has animus, bias, or ill will against him as it might affect credibility. He claims the excluded evidence would support his view that the victim and her mother fabricated the charges because they did not like him being strict and controlling, and claims that he wanted to justify his strictness to the jury by showing what happened when he left. He claims that the jury was left with a false impression that the victim was nice, popular, and well liked. By this account, the testimony would constitute an attack on the victim's character by showing other acts, which Tex.R.Crim.Evid. 608(b) prohibits. Moreover, the proffered testimony was very inflammatory and did not prove that the victim resented appellant's authority to the point that she would falsely accuse him even after his authority was removed. We overrule points three, four, and five.

By points six and seven, appellant complains that the trial court commented on the weight of the evidence and denied him a fair trial by making unfair comments during the course of the trial. Specifically, he cites two instances of the trial court's remarks about the relevance of testimony.

In the first instance, defense counsel was asking the victim about her relationship with caseworker Millie Gomez, to whom she had given the statements resulting in appellant's prosecution. He asked the victim whether the caseworker believed the statements, whether the victim knew this was part of Gomez's job, and finally, "You wouldn't jeopardize Millie's job, would you?" The prosecution objected that it was irrelevant, and the court asked defense counsel about it. Counsel explained that he was exploring the victim's motivation for what she said, that once she put the story forth she could not take it back. The

court asked, "And this is somehow going to get Millie Gomez in hot water?" The court then said, "Well, it's kind of stretching, but go ahead and see if you can get to it in a few questions, and don't drag this out quite so much." Defense counsel offered to entertain questions from the court, and when the court declined, said the court was making a comment on the weight of the evidence. The court replied that it was determining relevance, and it was a stretch, but it would allow the questioning. Defense counsel persisted that it was a comment on the evidence. The trial court then instructed the jury to "disregard that and not consider that as any statement of the court's opinion on the truthfulness or lack of truthfulness of any witness." Defense counsel made no further objection and resumed cross-examination.

■ We generally presume, though the presumption is rebuttable, that the jury follows the trial court's instructions. *Nichols v. State*, 754 S.W.2d 185, 200 (Tex.Crim. App.1988); *Waldo v. State*, 746 S.W.2d 750, 753 (Tex.Crim.App.1988); *Rose v. State*, 752 S.W.2d 529, 554 (Tex.Crim.App.1987); *Villegas v. State*, 791 S.W.2d 226, 234 (Tex. App.—Corpus Christi 1990, pet. ref'd).

■ A defendant is required to pursue his objections until he receives an adverse ruling to preserve his point for review. *Shipp v. State*, 482 S.W.2d 870, 871 (Tex.Crim.App.1972). A proper method of pursuing an objection until an adverse ruling is obtained is to object, request an instruction to disregard, and move for a mistrial. *Penry v. State*, 691 S.W.2d 636, 649 (Tex.Crim.App.1985), *cert. denied*, 474 U.S. 1073, 106 S.Ct. 834, 88 L.Ed.2d 805 (1986). An objection must be ruled on to preserve error. *Darty v. State*, 709 S.W.2d 652, 655 (Tex.Crim.App.1986); *Parker v. State*, 713 S.W.2d 386, 390 (Tex.App.—Corpus Christi 1986, no pet.). When a defendant creates the impression that he is abandoning his objection, it is ineffective to preserve the issue for appeal. *See Purtell v. State*, 761 S.W.2d 360, 366 (Tex.Crim. App.1988), *cert. denied*, 490 U.S. 1059, 109 S.Ct. 1972, 104 L.Ed.2d 441 (1989). No error is preserved if a defendant receives

all the relief he requests. *Johnson v. State*, 604 S.W.2d 128, 132 (Tex.Crim.App. 1980); *Norwood v. State*, 737 S.W.2d 71, 73 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd). In the instant case, as already noted, the trial court instructed the jury to disregard the court's statements.

█ Appellant also complains that the trial court showed hostility throughout the trial, and refers us to a particular incident. After defense counsel asked why the victim was in a different foster home from her siblings, the trial court sustained an objection, preventing an answer. The defense then asked who lived with her at the foster home, and the judge sustained another objection, then dismissed the jury. Out of the presence of the jury, the trial court threatened defense counsel with contempt if he continued to try to get around the motion in limine.

Before trial, the trial court granted a motion in limine to exclude reference to the sexual conduct of the victim or her mother without first obtaining a ruling outside the jury's presence. A trial court has a duty to conduct the trial within the issues, and thus discretion to oversee the admissibility of evidence, keeping out irrelevant and prejudicial matters. *See Montgomery v. State*, 810 S.W.2d 372, 389–90 (Tex.Crim.App. 1990). We have read the record, noting the remarks appellant points out in his brief. The trial court allowed defense counsel to cross-examine at length, but defense counsel's continued attempts to raise the prejudicial matters (particularly the victim's pregnancy and child) before the jury without notifying the court as specified in the motion in limine, necessitated the intervention by the trial court. As the defense counsel invited censure, appellant cannot complain on appeal of the trial court's comments. Moreover, the jury was not present when the trial court threatened appellant's attorney with contempt if he did not abide by the court's previous ruling. We overrule points six and seven.

█ By point one, appellant argues that the trial court erred in denying his timely request for a jury shuffle. *See* Tex.Code Crim.Proc.Ann. art. 35.11 (Vernon 1989). The request came after the trial court described the case, asked the panel members if they knew of the case or were acquainted with the defendant, attorneys, or witnesses, and whether they could consider the full range of punishment, and explained the burden of proof. The trial court then responded, "because of the delays already, I'll shuffle at the end of the examination, it will be the same people, the same answers, I'll just shuffle at the end." Appellant's attorney said, "Yes, sir," and something occurred off the record. The State then conducted its voir dire. Later, after the challenges for cause, the trial court offered to reshuffle, but the appellant's counsel complained, "We would have preferred that it be done while we had the people there to look them in the eye." The State then asked about a shuffle, which the trial court denied.

A defendant is required to pursue his objections until he receives an adverse ruling to preserve his point for review. *Shipp v. State*, 482 S.W.2d 870, 871 (Tex.Crim. App.1972); *see Harris v. State*, 784 S.W.2d 5, 12 n. 4 (Tex.Crim.App.1989), *cert. denied*, 494 U.S. 1090, 110 S.Ct. 1837, 108 L.Ed.2d 966 (1990). When an appellant creates the impression that he is abandoning his objection, it does not perfect the issue for appeal. *See Purtell*, 761 S.W.2d at 366. A court of appeals may not address unpreserved error. *Rezac v. State*, 782 S.W.2d 869, 871 (Tex.Crim.App.1990).

The record shows that appellant initially acquiesced to the trial court's plan to reshuffle later; however, when the shuffle was to take place, appellant declined it. Appellant did not obtain an adverse ruling. Thus, he has not preserved error. We overrule point one.

The judgments of the trial court are affirmed.