NUMBER 13-99-591-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


JESUS MARTIN SANCHEZ
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 197th District Court


of Cameron County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Rodriguez

Opinion by Chief Justice Seerden



 This is an appeal from a judgment of conviction entered against
Jesus Martin Sanchez, appellant, for the offenses of aggravated sexual
assault(1) and indecency with a child.(2) By three issues, appellant
contends: he was denied the right to introduce relevant character
evidence; the trial court erroneously admitted the alleged victim's
written statement; and the trial court submitted an erroneous jury
charge.

 The record reflects that J.C., a twelve-year-old child, alleged that
he was sexually assaulted by appellant. J.C. stated that he ran away
from home and was staying with appellant. J.C. testified that while he
was staying with appellant, appellant touched J.C.'s penis. J.C. also
testified that at another time during his stay with appellant, appellant's
penis contacted J.C.'s penis. When subjected to cross-examination,
J.C. recanted some of his testimony, responding that he did not think
that the alleged penis-to-penis contact had actually occurred. 

 During his case-in-chief, appellant sought to introduce evidence
of J.C.'s character for truthfulness by calling J.C.'s fifth grade teacher,
Paul Ox. Prior to allowing Ox to testify, the trial court held a hearing
outside the presence of the jury, during which Ox testified. After
hearing Ox's proposed evidence, the trial court refused to admit the
testimony.

 By his first issue, appellant contends the trial court erred in
refusing to admit Ox's testimony regarding J.C.'s character for
truthfulness. 

 Once a witness has testified, evidence pertaining to that witness's
character for truthfulness may be introduced to attack that witness's
credibility. See Tex. R. Evid. 608(a); Garza v. State, 18 S.W.3d 813, 824
(Tex. App.--Fort Worth 2000, pet. ref'd). This evidence may be in the
form of either testimony as to the witness's reputation or an opinion
reached by another person who is available to testify. Tex. R. Evid.
608(a). Such testimony cannot be based upon specific acts of conduct
committed by the target of his testimony, but must instead be based
upon synthesized "observations and discussions which [result] in a
conclusion" as to the individual's general character for truthfulness. 
Adanandus v. State, 866 S.W.2d 210, 226 (Tex. Crim. App. 1993);
Wagner v. State, 687 S.W.2d 303, 313 (Tex. Crim. App. 1985). The
impeachment witness must have substantial familiarity with the person
about whom he or she is supposed to testify. Lopez v. State, 860
S.W.2d 938, 944-45 (Tex. App.--San Antonio 1993, no pet.). Although
the law favors allowing the accused to demonstrate a witness's
character for truthfulness, the trial court retains discretion to determine
the admissibility of such evidence. Ramos v. State, 819 S.W.2d 939,
941 (Tex. App.--Corpus Christi 1991, pet. ref'd). A decision to exclude
evidence of the witness's character for truthfulness is subject to
harmless error analysis. Tex. R. App. P. 44.2(a). 

 Here, the record reflects that J.C. was equivocal on several
occasions with regard to whether appellant committed the charged
offenses. In an attempt to impeach J.C., appellant sought to introduce
Ox's testimony. The record reflects that Ox would have testified that
he was J.C.'s teacher for one year. During the course of that
relationship, he had difficulty with J.C.'s behavior at school. The nature
of this difficulty stemmed, according to Ox, from J.C.'s frequent
untruthfulness. Ox stated that after having known J.C. for an entire
school year, it was his opinion that J.C. was not an honest child. After
hearing this, the trial court excluded the evidence, ostensibly ruling it
was not relevant.

 We disagree with the conclusion that the proposed testimony was
not relevant. Impeachment evidence used for the purpose of
demonstrating a witness' character for truthfulness is generally relevant
when the target witness has testified. See Tex. R. Evid. 608(a). Here,
because J.C. had provided the court with equivocal testimony regarding
the alleged sexual assault and indecency, his character for truthfulness
was put squarely in issue. 

 In order to be admissible, the proposed opinion must meet the
prerequisites of rule 608(a). Here, J.C. testified, thereby opening the
door to an attack on his character for truthfulness. Id.  Ox was
prepared to testify that, in his opinion, J.C. was not a truthful child. Ox
would have testified to a general pattern of behavior he observed over
the course of a school year. Such testimony would have consisted of 
a synthesis of observations resulting in an opinion, rather than the
recollection of numerous anecdotal instances which support a
conclusion. Thus, the testimony would not have violated rule 608(b),
which prohibits impeachment by specific acts. See Tex. R. Evid. 608(b). 
 Finally, Ox would have testified that he was J.C.'s teacher for most
of a school year; an extended period of close interaction which provides
sufficient familiarity to suggest that Ox's opinion is reliable. 

 We hold that, pursuant to rule 608(a), Ox's testimony was
admissible. Because that testimony would have been both relevant and
admissible, we conclude that the trial court erred in excluding Ox's
testimony. Such an error, however, is subject to harm analysis. See
Tex. R. App. P. 44.2(a). In considering whether the error resulted in
harm, we must reverse a judgment of conviction unless we "determine
beyond a reasonable doubt that the error did not contribute to the
conviction. . . ." Id. 

 J.C. was the only witness to testify regarding the specific acts
alleged against appellant. That testimony was equivocal. As noted
above, Ox's testimony was admissible under rule 608(a) and was
relevant. The exclusion of Ox's testimony impaired appellant's ability to
impeach J.C.'s credibility by attempting to show his character for
untruthfulness. Without this testimony, appellant was convicted. 
Based on this, we are not convinced beyond a reasonable doubt that
appellant would have been convicted notwithstanding Ox's testimony. 
Thus, we find the error was harmful. 

 Appellant's first issue is sustained. We reverse the judgment of
the trial court and remand the cause for a new trial. 



 __________________________________

 ROBERT J. SEERDEN, Chief Justice

Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 21st day of December, 2000.

 

1. Tex. Penal Code Ann. §22.021(a)(1)(B)(iii) (Vernon 1998).
2. Tex. Penal Code Ann. §21.11(a)(2) (Vernon 1998).