

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-23-00269-CR

———————————————————

DERRICK QUENTIN DONNELL MORGAN A/K/A DERRICK QUENTIN
MORGAN DONNELL, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CR20-0026

Before Kerr, Womack, and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

## I. INTRODUCTION AND BACKGROUND

In June 2020, Appellant Derrick Quentin Donnell Morgan a/k/a Derrick Quentin Morgan Donnell pleaded guilty to the state-jail felony offense of possession of less than one gram of methamphetamine. Pursuant to a plea agreement, the trial court placed Donnell on four years' deferred adjudication. The State then moved to proceed with Donnell's adjudication, alleging that he had violated numerous terms and conditions of his community supervision. Donnell pleaded true to the allegations and asked the trial court to assess his punishment. After a hearing at which Donnell testified, the trial court found the allegations true, adjudicated Donnell guilty, and sentenced him to fifteen months' confinement. Donnell appeals from that judgment. We will affirm.

## II. DISCUSSION

In two issues, Donnell complains that the trial court abused its discretion by imposing a sentence that was cruel and unusual and grossly disproportionate to the offense that he committed. He concedes that this sentence was within the range prescribed by the legislature for a state-jail felony offense, but he asks this court to "find as a matter of law that a 15[-]month sentence for a state[-]jail felony revocation where the range of punishment is 180 days to two years in state jail . . . is excessive and disproportionate." The State contends that Donnell failed to preserve these

issues for appellate review because he did not object to the sentence at the hearing when it was imposed or later through a motion for new trial. We agree with the State.

Generally, an appellant may not complain about his sentence for the first time on appeal. *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); *Means v. State*, 347 S.W.3d 873, 874 (Tex. App.—Fort Worth 2011, no pet.); *Laboriel-Guity v. State*, 336 S.W.3d 754, 756 (Tex. App.—Fort Worth 2011, pet. ref'd). This includes complaints that a sentence is cruel and unusual or grossly disproportionate. *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *see Vasquez v. State*, No. 02-16-00194-CR, 2017 WL 2178876, at *1 (Tex. App.—Fort Worth May 18, 2017, no pet.) (mem. op., not designated for publication). To preserve such complaints for appellate review, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. Tex. R. App. P. 33.1(a); *see Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding that complaint of cruel and unusual punishment under Texas constitution was waived because defendant presented his argument for the first time on appeal); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.–Houston [1st Dist.] 2007, pet. ref'd) (holding that when appellant failed to object to his sentence at the punishment hearing or to complain about it in his motion for new trial, he failed to preserve his Eighth Amendment complaint that the punishment assessed was "grossly disproportionate and oppressive"); *see also Mercado*, 718 S.W.2d at 296 (stating that as a general rule, appellant may not assert

error pertaining to his sentence or punishment when he failed to object or otherwise raise such error in the trial court).

Donnell concedes that he did not lodge an objection or file a motion for new trial to preserve any purported sentencing error, and our review of the record confirms this. Instead, he asks that we consider his issues "in the interest of justice." But, preservation of error is a "systemic requirement"; it is axiomatic that an appellate court may not address unpreserved error. *State v. Herndon*, 215 S.W.3d 901, 909 (Tex. Crim. App. 2007); *DeBlanc v. State*, 799 S.W.2d 701, 709 (Tex. Crim. App. 1990); *see Kim*, 283 S.W.3d at 475; *Ramos v. State*, 819 S.W.2d 939, 943 (Tex. App.—Corpus Christi–Edinburg 1991, pet. ref'd).

Even if we could reach the merits of Donnell's arguments, a punishment imposed within the statutory limits, as here, is generally not subject to challenge for excessiveness. *See Kim*, 283 S.W.3d at 475. Except under a very limited, "exceedingly rare," and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment falling within the legislatively prescribed range and based on the sentencer's informed normative judgment is unassailable on appeal. *Id.* at 475–76; *see White v. State*, No. 02-16-00158-CR, 2017 WL 1089691, at *8 (Tex. App.—Fort Worth Mar. 23, 2017, pet. ref'd) (mem. op.) (not designated for publication).

For these reasons, we overrule Donnell's two issues.

### III. CONCLUSION

Having overruled Donnell's issues, we affirm the trial court's judgment.

4

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  March 7, 2024