

# NUMBERS 13-26-00436-CR, 13-26-00437-CR, 13-26-00439-CR, 13-26-00440-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ARMANDO RAMOS

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Peña, West, and Fonseca**
**Memorandum Opinion by Justice West[1]**

Relator Armando Ramos filed a pro se petition for writ of mandamus asserting that the trial court erred by failing to: (1) set aside void judgments, and (2) file findings of fact and conclusions of law. Relator's petition for writ of mandamus arises from trial court cause numbers 89-CR-00679-D, 89-CR-00680-D, 89-CR-00681-D, and 89-CR-00682-D

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

in the 103rd District Court of Cameron County, Texas, and is docketed respectively in our appellate cause numbers 13-26-00436-CR, 13-26-00437-CR, 13-26-00439-CR, and 13-26-00440-CR. This Court affirmed relator's convictions in these trial court cause numbers in 1991. *See Ramos v. State*, 819 S.W.2d 939, 940 (Tex. App.—Corpus Christi–Edinburg 1991, pet. ref'd). Relator has previously attempted to raise the same claims that are at issue in this original proceeding by direct appeal. *See Ramos v. State*, Nos. 13-26-00136-CR–13-26-00143-CR, 2026 WL 846376, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 26, 2026, no pet. h.) (mem. op., not designated for publication) (dismissing appeal for want of jurisdiction).

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). It is the relator's burden to properly request and show entitlement to mandamus relief. *See id.*; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."); *see generally* TEX. R. APP. P. 52.3, 52.7.

The Court, having examined and fully considered the petition for writ of mandamus, the limited record provided, and the applicable law, is of the opinion that relator has not met his burden to obtain relief. Accordingly, we deny the petition for writ of mandamus in each of these causes.

JON WEST
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
8th day of June, 2026.