Scott Leslie CARMELL, Appellant,

v.

The STATE of Texas, State.

No. 2–97–197–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 12, 1998.

Rehearing Overruled March 26, 1998.

William F. Street, Denton, for Appellant.

Bruce Isaacks, Criminal District Attorney, Yolanda M. Joosten, Paige McCormick, Earl Dobson, Assistant District Attorneys, Denton, Matthew Paul, State Prosecuting Attorney, Austin, for Appellee.

Before HOLMAN, J., CAYCE, C.J., and DAY, J.

## OPINION

PER CURIAM.

### I. INTRODUCTION

Appellant Scott Leslie Carmell was convicted of eight counts of indecency with a

child, two counts of aggravated sexual assault, and five counts of sexual assault against his stepdaughter K.M. The jury assessed punishment at life on the aggravated sexual assault counts and 20 years on the remaining counts. In six points, appellant argues that (1) the trial court erred in denying his motion for new trial because the State did not disclose impeachment evidence and (2) the evidence was legally insufficient to support the aggravated sexual assault convictions, one of the indecency convictions, and one of the sexual assault convictions. Because we find that the impeachment evidence would not have been admissible and that the evidence was legally sufficient, we affirm the convictions.

## II. LEGAL SUFFICIENCY OF THE EVIDENCE

In five points, appellant challenges the legal sufficiency of the evidence regarding four of the convictions.[1] We will try to limit the recitation of the facts to these four counts as much as possible due to the disturbing and graphic nature of this case.

### A. Factual Background

Ron Borchert and Eleanor Alexander married in 1972. K.M. was born on March 24, 1978. Eleanor began to see appellant, a counselor specializing in counseling victims of incest, because she was an incest survivor. In early 1987, Eleanor divorced Ron and married appellant the next year.

By the time K.M. was twelve, appellant would give her a back rub every night after she said her prayers. Soon the back rubs changed, and appellant would tell K.M. to take her shirt off and pull her shorts down a little. In the spring of 1991, appellant touched her "on the pubic hair" during one of the back rubs. Appellant then decided that he and K.M. needed to "date" and spend every Tuesday night together. This included sleeping in the same bed. Appellant claimed that this was part of the family's bonding process.

In the summer of 1991, appellant took his clothes off, got in a sleeping bag with K.M., and pulled her on top of him. He put his erect penis between her legs, and his penis touched her "genital area." Later that summer, appellant and K.M. were sleeping together nude when appellant pulled K.M. on top of him. He put his erect penis between her legs and pushed against her "pubic" or "genital" area. In June 1992, appellant took K.M. into his bedroom for a "nap." They undressed, and appellant pulled her on top of his erect penis, touching her "genital area."

These incidents and more finally led to appellant having sex with K.M. in September 1993. Two days later, appellant "married" K.M. in a mock ceremony and continued having sex with her until early 1995.[2] K.M. finally told her mother about the long-term abuse, and her mother took her to the police. At trial, Eleanor testified that once while she visited appellant in jail, he wrote "adultery with [K.M.]" on a piece of paper when she told him that he needed to confess if he was sorry for what he had done to K.M.

### B. Standard of Review

■ In reviewing the legal sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the jury's verdict. See Narvaiz v. State, 840 S.W.2d 415, 423 (Tex.Crim.App.1992), cert. denied, 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Emery v. State, 881 S.W.2d 702, 705 (Tex.Crim.App.1994), cert. denied, 513 U.S. 1192, 115 S.Ct. 1257, 131 L.Ed.2d 137 (1995). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. See

---

1. Although appellant challenges the denial of his motions for an instructed verdict, the points actually attack the legal sufficiency of the evidence. See Madden v. State, 799 S.W.2d 683, 686 (Tex. Crim.App.1990), cert. denied, 499 U.S. 954, 111 S.Ct. 1432, 113 L.Ed.2d 483 (1991).

2. Appellant was a devoted correspondent and would send letters and cards to K.M., signing them "Dad, friend, and partner for life." [IX RR 165]

*Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).

The legal sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the State's evidence or believe that the defense's evidence outweighs the State's evidence. *See Matson v. State,* 819 S.W.2d 839, 846 (Tex. Crim.App.1991); *Wicker v. State,* 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied,* 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *See Matson,* 819 S.W.2d at 846.

### C. June 1992 Sexual Assault

#### 1. Timing of the outcry

In his sixth point, appellant argues that he should be acquitted of one of the sexual assault convictions because K.M. did not tell her mother about the abuse until "years after the offense" and there was nothing to corroborate K.M.'s version of events.

Appellant bases his argument on the version of article 38.07 that was in effect in June 1992, the date of the charged offense of sexual assault:

> A conviction under Chapter 21, Section 22.011, or Section 22.021, Penal Code, is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within six months after the date on which the offense is alleged to have occurred. The requirement that the victim inform another person of an alleged offense does not apply if the victim was younger than 14 years of age at the time of the alleged offense. The court shall instruct the jury that the time which lapsed between the alleged offense and the time it was reported shall be con-

sidered by the jury only for the purpose of assessing the weight to be given to the testimony of the victim.[3]

This statute was amended in 1993 to provide that the outcry had to occur within one year after the offense only if the victim was 18 or older and delete the jury instruction requirement.[4] Appellant posits that because K.M. was 14 at the time of the June 1992 sexual assault, K.M. was required to tell her mother within six months under the law in effect at the time of the offense; thus, because there was no outcry for about three years, the evidence was legally insufficient.

The statute as amended does not increase the punishment nor change the elements of the offense that the State must prove. It merely "removes existing restrictions upon the competency of certain classes of persons as witnesses" and is, thus, a rule of procedure. *Hopt v. Utah,* 110 U.S. 574, 590, 4 S.Ct. 202, 210, 28 L.Ed. 262, 269 (1884). Further, there is no showing that the legislature intended that article 38.07 not be a rule of procedure and apply as of the date of the offense. *See generally Lindquist v. State,* 922 S.W.2d 223, 227 n. 4 (Tex.App.—Austin 1996, pet. ref'd). As a rule of procedure, it applies to pending and future prosecutions. *See Zimmerman v. State,* 750 S.W.2d 194, 202–04 (Tex.Crim.App.1988). Thus, the law in effect at the time of appellant's trial in 1997 applies, which is the version amended in 1993.

Accordingly, because K.M. was younger than 18 at the time of the offense, the one-year time limit on her outcry does not apply. We overrule appellant's sixth point.[5]

#### 2. Sexual organ contact

In his fifth point, appellant claims that the evidence was legally insufficient to support the sexual assault conviction because K.M.'s testimony that appellant touched her

---

**3.** Act of May 26, 1983, 68th Leg., R.S., ch. 382, § 1, 1983 Tex. Gen. Laws 2090, 2090–91 & Act of May 29, 1983, 68th Leg., R.S., ch. 977, § 7, 1983 Tex. Gen. Laws 5317, 5319.

**4.** *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 12.01, 1993 Tex. Gen. Laws 3765, 3765–66 (currently at Tex.Code Crim. Proc. Ann. art. 38.07 (Vernon Supp.1998)).

**5.** In three supplemental points, appellant asserts that this argument also applies to three of the indecency with a child counts, which occurred in March, June, and July of 1993. Because we have held that the 1993 version of the statute applied to appellant, we overrule supplemental points seven, eight, and nine.

"genital area" with his penis is not specific enough to prove that his penis contacted K.M.'s sexual organ in June 1992. Appellant concedes that if K.M. had testified that appellant's penis touched her "genitals" or "genitalia," the evidence would be sufficient. *See Aylor v. State,* 727 S.W.2d 727, 729–30 (Tex.App.—Austin 1987, pet. ref'd) (citing *Clark v. State,* 558 S.W.2d 887, 889 (Tex. Crim.App.1977)).

Sexual assault is proven when the State shows that the defendant "intentionally or knowingly cause[d] the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor." TEX. PENAL CODE ANN. § 22.011(a)(2)(C) (Vernon Supp.1998). "'[G]enitals' includes the vulva which immediately surrounds the vagina." *Clark,* 558 S.W.2d at 889. If K.M. had testified, as appellant desired, that appellant contacted her "genitals," that would have encompassed the "genital area," i.e., the area surrounding the genitals. Further, it would be untenable to find that the genital area does not include the genitals. Thus, K.M.'s testimony was legally sufficient to prove that appellant contacted her sexual organ with his penis. We overrule point five.

### D. Summer of 1991 Aggravated Sexual Assaults

■ In his third and fourth points, appellant argues that K.M.'s testimony that appellant's penis touched her "genital area" and "pubic area" was legally insufficient to support his two convictions for aggravated sexual assault. As we stated above, "genital area" is sufficient to prove "genitals." Further, K.M. affirmed that appellant's penis was erect when "it was up against [her] genital." We need not decide whether K.M.'s testimony that appellant touched her "pubic area" was sufficient to prove "sexual organ" because K.M. also testified that appellant's penis touched her "genital area" on that occasion. We overrule points three and four.

### E. Spring of 1991 Indecency With a Child

In his second point, appellant claims that the evidence was legally insufficient to up-hold his conviction for indecency with a child based solely on K.M.'s testimony that appellant touched her "on the pubic hair."

■ Indecency with a child requires "sexual contact" between the victim and the defendant. TEX. PENAL CODE ANN. § 21.11 (Vernon 1994). Sexual contact is defined as "any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person." *Id.* § 21.01(2). The external genital organs include the mons pubis, which is "the rounded eminence in front of the pubic symphysis [that] is formed by a collection of fatty tissue beneath the integument. It becomes covered with hair at the time of puberty." CHARLES M. GOSS, GRAY'S ANATOMY 1405 (26th ed.1954). Thus, by touching K.M.'s pubic hair, appellant touched a part of her genitals. The evidence was legally sufficient and we overrule appellant's second point.

### III. FAILURE TO REVEAL IMPEACHMENT EVIDENCE

In his first point, appellant argues that the trial court should have granted him a new trial because the State failed to disclose that Eleanor had another man's child while appellant was in prison. The State does not dispute that it did not disclose this evidence to appellant.

■ We review the denial of a motion for new trial based on newly-discovered evidence under an abuse of discretion standard. *See Driggers v. State,* 940 S.W.2d 699, 709 (Tex.App.—Texarkana 1996, pet. ref'd) (op. on reh'g). The State must produce exculpatory as well as impeachment evidence to a defendant. *See Kyles v. Whitley,* 514 U.S. 419, 432–34, 115 S.Ct. 1555, 1565, 131 L.Ed.2d 490, 505 (1995). *See generally Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). However, the record must reflect that (1) the newly-discovered evidence was unknown to the movant at the time of trial; (2) the movant's failure to discover the evidence was not due to his want of diligence; (3) the evidence was admissible and not merely cumulative, corroborative, collateral, or impeaching; and (4) the evi-

dence was probably true and would probably bring about a different result in another trial. *See Moore v. State,* 882 S.W.2d 844, 849 (Tex.Crim.App.1994), *cert. denied,* 513 U.S. 1114, 115 S.Ct. 909, 130 L.Ed.2d 791 (1995); *see also Gowan v. State,* 927 S.W.2d 246, 249 (Tex.App.—Fort Worth 1996, pet. ref'd).

Any evidence showing Eleanor's sexual relationship with another man and proving that she had his baby would be inadmissible as impeachment evidence. *See* TEX. R.CRIM. EVID. 608(b); *Ramos v. State,* 819 S.W.2d 939, 942 (Tex.App.—Corpus Christi 1991, pet. ref'd). Because the evidence was inadmissible, the State did not have to produce it, and the trial court did not abuse its discretion in not allowing its admission. We overrule point one.

### IV. CONCLUSION

Because we find that the evidence was legally sufficient and the trial court did not abuse its discretion in denying appellant's motion for new trial, we affirm the trial court's judgments.[6]

---

**6.** Appellant has filed a letter asking us to reprimand or replace his court-appointed attorney. His only complaint with counsel is that counsel is not communicating with him. Unless an appellant waives counsel and chooses to represent himself or shows an adequate reason for new counsel, appellant must accept the counsel appointed by the court. *See Halliburton v. State,* 928 S.W.2d 650, 651–52 (Tex.App.—San Antonio 1996, pet. ref'd); *see also Hubbard v. State,* 739 S.W.2d 341, 344 (Tex.Crim.App.1987). Appellant has done neither, and we deny his requests.