PIERCE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-517-CR

WILLIAM BOYD PIERCE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 211
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

William Boyd Pierce appeals from his conviction on two counts of sexual assault of a child under seventeen.  In three points, appellant contends that the evidence is legally and factually insufficient to support his conviction and that the trial court erred by admitting a document into evidence that was not properly authenticated.  We will affirm.

To prove that appellant was guilty of the charged offenses, the State was required to show that he intentionally or knowingly caused the female sexual organ of T.S., a child under age seventeen who was not his spouse, to contact his sexual organ.  
See
 
Tex. Penal Code Ann.
 § 22.011(a)(2)(C), (c)(1) (Vernon Supp. 2004-05).  In his first and second points, appellant contends that the evidence is legally and factually insufficient to establish that the requisite sexual contact occurred.
(footnote: 2)
 T.S. testified at trial that she and appellant had sex two different times at appellant’s home.  She stated that both times appellant took her pants off, she lay on her back, appellant lay on top of her, and she could feel his penis “on” or “in” her vagina.  Appellant contends that this evidence is legally and factually insufficient because T.S. initially said that she felt nothing when appellant’s penis touched her vagina, was vague about whether appellant placed his penis on or in her, and did not give the details a nearly-seventeen-year-old would use to describe sexual contact.  

T.S. later testified, however, that sex is “when [a] penis comes in contact with a vagina.”  She further testified that appellant’s penis went inside her vagina both times.  In addition, a friend of appellant’s testified that appellant had confided or bragged on many occasions that he feared he had gotten T.S. pregnant.  And an acquaintance of appellant’s testified that appellant said T.S. was not a virgin because she had been staying with appellant and they had “done it.”  

Applying the proper standards of review,
(footnote: 3) we hold that the evidence is legally and factually sufficient to establish beyond a reasonable doubt that appellant caused T.S.’s female sexual organ to contact his sexual organ.  
See Clark v. State,
 558 S.W.2d 887, 889 (Tex. Crim. App. 1977); 
Carmell v. State,
 963 S.W.2d 833, 836-37 (Tex. App.—Fort Worth 1998, pet. ref’d), 
rev’d in part on other grounds,
 529 U.S. 513 (2000).  Accordingly, we overrule appellant’s first and second points.

In his third point, appellant complains that the trial court improperly admitted into evidence State’s exhibit 1, a letter that appellant allegedly had written to T.S. from jail.  Appellant asserts that the letter was not properly authenticated because the State did not establish that he authored it.  He contends that T.S. was not competent to testify that he wrote the letter because she had never talked to him about it and, except for two alleged letters from jail, T.S. had only seen appellant’s handwriting on one other occasion on “[a] doctor’s note type of thing.”  

T.S. also testified, however, that she knew from the contents of the letter that it was from appellant.  For example, the letter addressed T.S. by a nickname that only appellant used, mentioned getting a new 300z car, which T.S. and appellant had discussed, referred to a telephone conversation between T.S. and appellant that had occurred after he was in jail, and mentioned a song title that was appellant and T.S.’s “song.”  The letter also referred to some papers that T.S. testified appellant had asked her to sign recanting her statement to the police—which T.S. tore up and threw away—and it mentioned a friend of appellant’s who had “stood by” him.  

This evidence is sufficient to establish appellant’s authorship of the letter.  
See Soria v. State,
 933 S.W.2d 46, 60 (Tex. Crim. App. 1996) (op. on reh’g) (holding that authorship may be shown circumstantially), 
cert. denied,
 520 U.S. 1253 (1997); 
Reyes v. State,
 No. 14-96-01189-CR, 1998 WL 733681, at *1-2 (Tex. App.—Houston [14th Dist.] 1998, pet. ref’d) (not designated for publication) (holding that contents of letter were sufficient to authenticate it).  Therefore, the trial court did not abuse its discretion by admitting the letter into evidence.  
See Torres v. State,
 71 S.W.3d 758, 760 (Tex. Crim. App. 2002).  We overrule appellant’s third point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

DELIVERED: August 12, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.

2:
Appellant does not dispute his mental state, T.S.’s age, or that T.S. was not his spouse.  

3:
See Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001) (both setting out legal sufficiency standard of review); 
Zuniga v. State
, No. 539-02, 2004 WL 840786, at *4, 7 (Tex. Crim. App. Apr. 21, 2004) (setting out factual sufficiency standard).