COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-517-CR
  
  
WILLIAM BOYD PIERCE                                                          APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM THE 211TH 
DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        William 
Boyd Pierce appeals from his conviction on two counts of sexual assault of a 
child under seventeen. In three points, appellant contends that the evidence is 
legally and factually insufficient to support his conviction and that the trial 
court erred by admitting a document into evidence that was not properly 
authenticated. We will affirm.
        To 
prove that appellant was guilty of the charged offenses, the State was required 
to show that he intentionally or knowingly caused the female sexual organ of T.S., 
a child under age seventeen who was not his spouse, to contact his sexual organ. 
See Tex. Penal Code Ann. § 
22.011(a)(2)(C), (c)(1) (Vernon Supp. 2004-05). In his first and second points, 
appellant contends that the evidence is legally and factually insufficient to 
establish that the requisite sexual contact occurred.[2]
        T.S. 
testified at trial that she and appellant had sex two different times at 
appellant’s home. She stated that both times appellant took her pants off, she 
lay on her back, appellant lay on top of her, and she could feel his penis 
“on” or “in” her vagina. Appellant contends that this evidence is 
legally and factually insufficient because T.S. initially said that she felt 
nothing when appellant’s penis touched her vagina, was vague about whether 
appellant placed his penis on or in her, and did not give the details a 
nearly-seventeen-year-old would use to describe sexual contact.
        T.S. 
later testified, however, that sex is “when [a] penis comes in contact with a 
vagina.” She further testified that appellant’s penis went inside her vagina 
both times. In addition, a friend of appellant’s testified that appellant had 
confided or bragged on many occasions that he feared he had gotten T.S. 
pregnant. And an acquaintance of appellant’s testified that appellant said T.S. 
was not a virgin because she had been staying with appellant and they had 
“done it.”
        Applying 
the proper standards of review,[3] we hold that the 
evidence is legally and factually sufficient to establish beyond a reasonable 
doubt that appellant caused T.S.’s female sexual organ to contact his sexual 
organ. See Clark v. State, 558 S.W.2d 887, 889 (Tex. Crim. App. 1977); Carmell 
v. State, 963 S.W.2d 833, 836-37 (Tex. App.—Fort Worth 1998, pet. ref’d), 
rev’d in part on other grounds, 529 U.S. 513 (2000). Accordingly, we 
overrule appellant’s first and second points.
        In 
his third point, appellant complains that the trial court improperly admitted 
into evidence State’s exhibit 1, a letter that appellant allegedly had written 
to T.S. from jail. Appellant asserts that the letter was not properly 
authenticated because the State did not establish that he authored it. He 
contends that T.S. was not competent to testify that he wrote the letter because 
she had never talked to him about it and, except for two alleged letters from 
jail, T.S. had only seen appellant’s handwriting on one other occasion on 
“[a] doctor’s note type of thing.”
        T.S. 
also testified, however, that she knew from the contents of the letter that it 
was from appellant. For example, the letter addressed T.S. by a nickname that 
only appellant used, mentioned getting a new 300z car, which T.S. and appellant 
had discussed, referred to a telephone conversation between T.S. and appellant 
that had occurred after he was in jail, and mentioned a song title that was 
appellant and T.S.’s “song.” The letter also referred to some papers that 
T.S. testified appellant had asked her to sign recanting her statement to the 
police—which T.S. tore up and threw away—and it mentioned a friend of 
appellant’s who had “stood by” him.
        This 
evidence is sufficient to establish appellant’s authorship of the letter. See 
Soria v. State, 933 S.W.2d 46, 60 (Tex. Crim. App. 1996) (op. on reh’g) 
(holding that authorship may be shown circumstantially), cert. denied, 
520 U.S. 1253 (1997); Reyes v. State, No. 14-96-01189-CR, 1998 WL 733681, 
at *1-2 (Tex. App.—Houston [14th Dist.] 1998, pet. ref’d) (not designated 
for publication) (holding that contents of letter were sufficient to 
authenticate it). Therefore, the trial court did not abuse its discretion by 
admitting the letter into evidence. See Torres v. State, 71 S.W.3d 758, 
760 (Tex. Crim. App. 2002). We overrule appellant’s third point and affirm the 
trial court’s judgment.
   
                                                                  PER 
CURIAM
 
  
PANEL F:   CAYCE, 
C.J.; LIVINGSTON and DAUPHINOT, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: August 12, 2004


NOTES
1.  See 
Tex. R. App. P. 47.4.
2.  
Appellant does not dispute his mental state, T.S.’s age, or that T.S. was not 
his spouse.
3.  See 
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden 
v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001) (both setting out legal 
sufficiency standard of review); Zuniga v. State, No. 539-02, 2004 WL 
840786, at *4, 7 (Tex. Crim. App. Apr. 21, 2004) (setting out factual 
sufficiency standard).