In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-364 CR


____________________



SHAWN ONEAL LEE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 284th District Court


Montgomery County, Texas


Trial Court Cause No. 02-08-5368-CR






MEMORANDUM OPINION


 A jury convicted Shawn Oneal Lee of two counts of indecency with a child. See 
Tex. Pen. Code Ann. § 21.11(Vernon 2003). For each count, the trial court sentenced
him to ten years confinement in the Texas Department of Criminal Justice -- Institutional
Division. The sentences are to run concurrently.

 As to the first count, Lee contends the evidence is legally insufficient to support the
conviction. In a legal sufficiency issue, we view the evidence in the light most favorable
to the verdict to determine whether a rational jury could have found each element of the
offense beyond a reasonable doubt. Conner v. State, 67 S.W.3d 192, 197 (Tex. Crim.
App. 2001) (citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d
560 (1979)). Count one (1) of the indictment charges Lee with engaging "in sexual contact
by touching the genitals of [the victim], a child younger than 17 years of age and not the
spouse of the Defendant[.]" The complainant, J.S., testified Lee touched "the hair on
[her] vagina." Lee says this testimony is not proof he touched her genitals. Section
21.11(c) of the Penal Code defines "sexual contact" as follows:

 (c) In this section, "sexual contact" means the following acts, if committed
with the intent to arouse or gratify the sexual desire of any person:

 (1) any touching by a person, including touching through clothing, of
the anus, breast, or any part of the genitals of a child[.]


Tex. Pen. Code Ann. § 21.11(c) (Vernon 2003). The State says the statute does not
require direct contact with the skin of the child's genitals, because the definition of "sexual
contact" includes "touching through clothing." Regardless, the trier of fact may draw
reasonable inferences from the evidence. See, e.g., Booker v. State, 929 S.W.2d 57, 60
(Tex. App.--Beaumont 1996, pet. ref'd). Based on J.S.'s testimony, a rational jury could
have concluded beyond a reasonable doubt that Lee engaged in sexual contact by touching
the child's genitals. See generally Breckenridge v. State, 40 S.W.3d 118, 123-24 (Tex.
App.--San Antonio 2000, pet. ref'd); Carmell v. State, 963 S.W.2d 833, 837 (Tex. App.--Fort Worth 1998, pet. ref'd), rev'd on other grounds, 529 U.S. 513, 120 S.Ct. 1620, 146
L.Ed.2d 577 (2000); see also Clark v. State, 558 S.W.2d 887, 889 (Tex. Crim. App.
1977). Issue one is overruled.

 Appellant next contends the trial court erred in refusing to allow him the opportunity
to conduct "meaningful voir dire" and thereby denied him the right to effective counsel. 
Appellant offers several instances where he says the trial court improperly limited or
refused defense counsel's voir dire questions. Lee also claims he was prevented from
exploring possible juror biases against the laws applicable to the case. 

 The trial judge has broad discretion in the voir dire process to prohibit improper
questions and place reasonable time limits on voir dire. Hankins v. State, 132 S.W.3d
380, 384 (Tex. Crim. App.), cert. denied, 2004 U.S. Lexis 6981, 73 U.S.L.W. 3246
(U.S. Oct. 18, 2004); Sells v. State, 121 S.W.3d 748, 755 (Tex. Crim. App.), cert.
denied, 2003 U.S. Lexis 8067, 72 U.S.L.W. 3307, 124 S.Ct 511, 157 L.Ed. 2d 378, 
(2003). A trial court may abuse its discretion by prohibiting a proper question about a
proper area of inquiry. Sells, 123 S.W.3d at 755-56; Barajas v. State, 93 S.W.3d 36, 38
(Tex. Crim. App. 2002). It is a proper area of inquiry to ask a venire member whether
a finding of guilty would automatically dictate a result in his mind as to the punishment
questions. Wright v. State, 28 S.W.3d 526, 534 (Tex. Crim. App. 2000). But a question
may be impermissible if the question attempts to commit the juror to a particular verdict
based on particular facts. Sells, 121 S.W.3d at 756.

 Appellant first argues the trial court erroneously prohibited inquiry into the term
"reasonable doubt." The following exchange occurred:

 [Defense Counsel]: And in the third test, which is even tougher yet, it's
beyond a reasonable doubt. It's more than taking your property, it's more
than taking your children, it's taking your honor and your liberty. And
that's what willy-nilly [the Prosecutor] is seeking to do with 12 of you good
folks. He's going to put on evidence and ask 12 of you to take away
[defendant's] honor and to take away his liberty, to put him, as they say,
endurance vile [sic].


 [State's Attorney]: Sounds more like a closing argument. I'm going to
object at this time. I think it's getting a little too heavy-handed.


 The Court: All right. Just a minute. I can understand your objection, but
don't argue during your objection, please. However, I agree [defense
counsel] is getting into argument. I sustain the objection.


Following this exchange, defense counsel continued to explain "reasonable doubt" to the
venire without objection from the State or admonishment by the Court. Trial counsel's
description of the prosecutor as "willy-nilly" and his comments about the loss of honor and
liberty accompanying incarceration strayed from his questioning of the jury. The trial
judge allowed defense counsel to ask proper questions related to the case and provide an
explanation of reasonable doubt. There was no abuse of discretion in sustaining the State's
objection to defense counsel's argument during voir dire.

 Lee next points to defense counsel's voir dire question to venire person Collins. 
Counsel wanted to ask about Collins' knowledge of the "McMartin daycare research." 
Appellant argues this question was proper because it sought to determine the venire's
knowledge about child sexual abuse claims in general. The trial court sua sponte ordered
defendant's counsel not to pursue the line of inquiry. It appears defense counsel was
attempting, through his reference to "McMartin daycare," to explore the possibility that
children may lie about sexual abuse crimes. Although the trial judge did not permit
counsel to pursue the McMartin daycare questions, he did allow counsel to continue with
hypothetical questions asking whether children want to please adults and can be
manipulated by adults, and whether there tends to be reticence in retracting a lie once the
lie has been told. The trial court gave defense counsel sufficient leeway to explore
questions in this area. There was no abuse of discretion. 

 Lee argues the trial court erroneously ordered his counsel not to pursue questions
about a defendant's difficulty in proving his innocence to a charged offense. The premise
is incorrect. A defendant does not have the burden of proving his innocence. See Estelle
v. Williams, 425 U.S. 501, 503, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976); Marx v. State,
987 S.W.2d 577, 581 (Tex. Crim. App. 1999). There was no abuse of discretion in
refusing to allow defense counsel to explore a question based on an incorrect statement of
the law. 

 Trial counsel asked the venire members how they would feel if someone "got
accused of some kind of a sexual offense?" The trial judge sustained the State's relevancy
objection. Appellant offers no argument as to how the trial judge erred in sustaining the
objection. See Tex. R. App. P. 38.1(h). If trial counsel intended to use the question to
explore juror bias, he explored that issue in numerous other questions to the venire. (2)

 Appellant next argues the trial court erred in refusing to allow defense counsel to
ask the venire members for a "show of hands of people who have never seen an x-rated
film or some kind of a pornography publication." Appellant says defense counsel needed
this information because there was evidence that defendant had possessed pornography. 
Appellant maintains the question was relevant to juror bias. Although the trial judge
refused to allow a question requiring a juror to personally commit to having never viewed
such material, the trial court did allow questioning about whether the venire members had
any strong feelings about pornography. The issue of bias was explored. The trial court
did not abuse its discretion in prohibiting the specific question about juror conduct. 

 Appellant's final claim is that the trial judge erred in preventing defense counsel
from "conduct[ing] a thorough examination" on the full range of punishment. The tenor
of trial counsel's questions is as follows: 

 Could there be such a person so that after you found him guilty you could
actually, really consider sentencing him to 2 years in the penalty [sic] and
then probating that sentence so he didn't actually have to go to the pen?


Five times defense counsel asked the question to different jurors with that sequence. The
trial judge considered the phrasing "after you convicted him" to require a prospective
juror's commitment.

 The trial judge explained his ruling to defense counsel, as follows: 


 And you're adding all this about after you convict and could you actually. 
I don't like it. I've told you and the jury what the proper submission of that
question is. And I want it neutrally submitted to this panel. . . Because I
don't want you applying it to this defendant. I don't want you even applying
it to him. . . I don't want you adding all of that about after you have
convicted him in a case like this could you consider the full range.


The trial judge instructed defense counsel to discontinue the use of the phrase "convicted 
him," and to stop "stacking the question." Yet the trial court did not prohibit inquiry into
the venire's ability to consider the full range of punishment. Defense counsel rephrased
his questions and individually asked most of the venire members whether they could
consider the full range of punishment. Appellant argues the trial court's limitation of voir
dire -- in this instance, by requiring counsel to rephrase his question -- deprived appellant 
of his constitutional right to counsel. But the record reflects counsel was able to conduct
a thorough voir dire inquiry into the ability of the venire to consider the full range of
punishment. Defendant was not deprived of his right to counsel. 

 On this record, the restrictions on voir dire did not contribute to appellant's
conviction or punishment. See Tex. R. App. P. 44.2(a). Issue two is overruled. The
conviction is affirmed. 

 AFFIRMED.

 PER CURIAM


Submitted on October 1, 2004

Opinion Delivered November 24, 2004

Do Not Publish


Before McKeithen, C.J., Burgess, and Gaultney, JJ.

1. Count two charges Lee with indecency with a child by touching the child's breast. 
Appellant does not raise a sufficiency-of-the-evidence point on count two.
2. For example, defense counsel asked if anyone on the panel or someone close to a
panel member had ever been accused of a sexual offense. Trial counsel also asked if
anyone personally or through family members or close friends was associated with a group
having to do with sexual abuse cases. And defense counsel asked if anyone on the venire
or a close family member or friend had ever worked as a social worker, welfare worker,
family services worker, psychiatrist, psychologist, or counselor.